IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Brian Wilson, | ) | CASE NO. 14-CV-03113-CAP-GBB |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES A. PANNELL, JR. |
| | ) | |
| vs. | ) | MAGISTRATE GERRILYN G. BRILL |
| | ) | |
| ATLAS ACQUISITIONS, LLC, | ) | **MOTION TO DISMISS COMPLAINT** |
| | ) | |
| Defendant. | ) | |

Defendant Atlas Acquisitions, LLC ("Atlas"), pursuant to Fed. R. Civ. P. 12(b)(6), hereby files its Motion to Dismiss the *Complaint Seeking Damages for Violation of the Fair Debt Collections Practices Act* (the "Complaint") filed by Plaintiff Brian Wilson ("Plaintiff"). The Complaint alleges that Atlas violated the Federal Fair Debt Collection Practices Act (the "FDCPA") by filing a proof of claim for a "stale" debt in Plaintiff's Chapter 13 bankruptcy proceeding. As described in the accompanying Memorandum in Support, Plaintiff's claims must fail as a matter of law and this Court should dismiss the Complaint in its entirety.

Respectfully submitted,

*/s/ Ralph L. Taylor, III*
ALAN C. HOCHHEISER (*pro hac vice*)
hochheiser@buckleyking.com
BUCKLEY KING LPA
600 Superior Ave E., Suite 1400
Cleveland, OH 44114
Phone: 216-363-1400
RALPH L. TAYLOR, III
Georgia Bar No. 701025
taylor@buckleyking.com
BUCKLEY KING LPA
219 Boulevard NE
Gainesville, GA 30506
Phone: 770-831-7770

*Attorney for Defendant, Atlas Acquisitions, LLC*

**MEMORANDUM IN SUPPORT**

I. <u>Statement of Facts and Procedural History</u>[1]

On September 29, 2014, Plaintiff filed a the Complaint which alleges, *inter alia*, that Atlas violated the Fair Debt Collection Practices Act ("FDCPA") by filing proof of claim against Plaintiff, designated as Claim No. 6, in Plaintiff's Chapter 13 bankruptcy proceeding, which is currently pending in the United States Bankruptcy Court for the Northern District of Georgia, Case No. 14-BK-56236 (the "Bankruptcy Proceeding"), because the underlying debt was barred by the statute of limitations.  On May 13, 2014, Atlas filed a proof of claim in the Bankruptcy Proceeding in the amount of $7,810.34 for a debt originally held by CitiFinancial.  (Doc. 1 at ¶13).  The charge off date on the underlying debt was September 21, 2004.  (Doc. 1 at ¶13).  As a result, Plaintiff argues that the debt is stale and that he should be able to recover under the FDCPA.  Plaintiff's arguments, however, must fail as a matter of law.

II. <u>Law and Argument</u>

A. <u>Standard of Review</u>

In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Generally, a court must accept all of the *factual* allegations contained in a complaint as true when ruling on a motion to dismiss.  *See id*. at 555-56.  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (citing *Twombly*).  Further, "the complaint must allege 'more than unadorned, the-defendant-unlawfully-harmed-me accusation[s].'" *Haase v. Countrywide Home Loans, Inc.*, 748, F.3d 624,

---

[1] For purposes of this motion, Atlas treats the allegations in the Complaint as being accurate due to the standards of review under rules 12(b)(6).  *See infra*.

630 (5th Cir. 2014) (quoting *Ashcroft*) (alteration in original).  "A plaintiff's claim must contain 'enough facts to state a claim for relief that is plausible on its face.'"  *Id.* (quoting *Twombly*).

        B. <u>The Complaint Should Be Dismissed Because Atlas Has Not Violated the FDCPA and Plaintiff's FDCPA Claims are Precluded by the Bankruptcy Code.</u>

Atlas recognizes that in *Crawford v. LVNV Funding, LLC,* 758 F.3d 1254 (11th Cir. 2014)*,* the 11th Circuit held that creditor's filing of a proof of claim on a time-barred debt was a violation of the FDCPA.  However, for the reasons set forth herein, Atlas respectfully submits that *Crawford* was wrongly decided, that an appeal still may be pending to the Supreme Court, and that Atlas is providing this argument for the purpose of preserving its record in the event that *Crawford* is appealed and overturned.  In addition, as the 11th Circuit acknowledged, it did not decide the issue of pre-emption.  Specifically, in footnote 7, the 11 Circuit said "[t]he Court also declines to weigh in on a topic the district court artfully dodged;  Whether the Code "preempts" the FDCPA when creditors misbehave in bankruptcy."  *Id.*  Atlas, submits that the Bankruptcy Code does in fact preclude Plaintiff's FDCPA claims, and that therefore, the FDCPA claims should be dismissed.

        1. <u>Atlas's Proof of Claim is Expressly Permitted by the Bankruptcy Code.</u>

The Bankruptcy Code and the rules promulgated thereunder specify comprehensive and detailed procedures for filing and consideration of creditors' claims and resolution of disputes over claims, which are core functions of the bankruptcy system." *McCarther-Morgan v. Asset Acceptance, LLC (In re McCarther-Morgan)*, 2009 Bankr. LEXIS 4579, *12-13 (9th Cir. BAP 2009) (citing 28 U.S.C. §§ 157(b)(2)(B) and 501-502); Fed. R. Bankr. P. 3001, 3002 and 3007). Specifically, § 501(a) of the Bankruptcy Code permits creditors to assert *any* "claim" against a debtor by filing a proof of claim. (emphasis added). Pursuant to § 101(5)(A) of the Bankruptcy

3

Code, the term "claim" is defined broadly to mean a "right to payment" regardless of whether that right is "reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A). In fact, the legislative history confirms that a claim is to be defined in the broadest possible way: "[B]y this broadest possible definition, the bill contemplates that all legal obligations of the debtor, no matter how remote or contingent, will be able to be dealt with in the bankruptcy case." H.R. 95-595, 95th Cong. 1st Sess. 309 (1977) Senate Report 95-989, 95th Cong. 2d Sess. 21 (1978). Therefore, a "claim" must be construed in the broadest possible sense, to include rights to payment of all types, whether or not a lawsuit can be filed to enforce the right. *Pa. Dep't of Pub. Welfare v. Davenport,* 495 U.S. 552, 558 (1990); see also *In re Remington Rand Corp.,* 836 F.2d 825, 831-32 (3d Cir. 1988) ("[i]n ascertaining when the government's right to payment arose, we recognize that a party may have a bankruptcy claim and not possess a cause of action on that claim." *Pearl-Phil GMT (Far East) Ltd. V. Caldor Corp.* 266 B.R. 575, 581 (S.D.N.Y. 2001) ("a claim need not be a presently enforceable obligation.").

A debt which is subject to an expired statute of limitations is a right to payment that fits neatly within § 101(5)(A)'s definition of a claim because, although it may not be enforceable through a state court, it still provides the holder with a "right to payment." *See Keeler v. PRA Receivables Mgmt., LLC (In re Keeler),* 440 B.R. 354 (Bankr. E.D.Pa. 2009). In this instance, even if Altas's proof of claim may have been filed outside the statute of limitations for the debt it represents, Atlas still has a claim against the Debtor within the meaning of §101(5)(A) of the Bankruptcy Code. Therefore it was lawful for Atlas to have filed its proof of claim, and thus, its proof of claim is not fraudulent or improper.

2. <u>The FDCPA Does Not Apply to the Filing a Proof of Claim.</u>

When a debtor files for bankruptcy protection, the automatic stay of § 362 protects the debtor from "any act to collect, assess or recover a claim against the debtor that arose before the commencement of the case." 11 U.S.C. 362(a)(6). Despite the automatic stay, the Bankruptcy Code expressly provides a mechanism, i.e., the proof of claim, which allows the creditor to make its claim known and, in some cases, avoid having its debt discharged. Specifically, § 501 of the Bankruptcy Code authorizes a creditor to file a proof of claim to assert *any* claim that the creditor may have against the debtor. 11 U.S.C. § 501(a) (emphasis added). The filing of a proof of claim cannot be characterized as debt collection regulated by the FDCPA. See *Jude Jacques v. U.S. Bank N.A. (In re Jacques)*, 416 B.R. 63 (Bankr. E.D.N.Y. 2009) ('[i]t simply is not wrongful conduct prohibited by the FDCPA to file a proof of claim as authorized by the Bankruptcy Code."). The filing of a proof of claim is meant to assert a right to payment against a debtor's estate, so that the court can determine whether the claim is allowed under the Bankruptcy Code. *Id.* (citing *Travelers Cas. and Sur. Co. of Am. v. Pacific Gas and Elec. Co.*, 549 U.S. 443, 449, 127 S. Ct. 1199 (2007) (citing 11 U.S.C. §§ 101(5)(A), 502(a)). A proof of claim is not viewed as an effort to collect a debt from the debtor, who enjoys the protection of the automatic stay. *See Campbell v. Countrywide Home Loans, Inc.*, 545 F.3d 448, 355-56 (5th Cir. 2008) ("We find no precedents in which a court has held that asserting a right to payment in a [p]roof of [c]laim constitutes a violation of the automatic stay."); *Hurst v. U.S. Bank (In re Hurst*, 357 B.R. 782, 785 (Bankr. W.D. Ark. 2006) (even when incorrect, the filing of a proof of claim does not violate the automatic stay). Simply put, if the filing of a proof of claim where considered an action to collect a debt, the filing of a proof of claim would violate the Bankruptcy Code itself, because the automatic stay stops all actions to collect or enforce a prepetition debt.

Such an internal conflict within the Bankruptcy Code would not be reasonable and the Court should decline to create such a conflict between the Bankruptcy Code and a different federal statute.

In fact, a majority of the courts to decide the issue (including lower courts in the 11th Circuit), hold that the FDCPA does not apply to the filing of proofs of claim. *See In re McMillen*, 440 B.R. 907, 912 (Bankr. N.D. Ga. 2010) ("[F]iling a proof of claim in bankruptcy cannot be the basis for an FDCPA claim….); *Williams v. Asset Acceptance, LLC (In re Williams)*, 392 B.R. 882, 885-87 (Bankr. M.D. Fla. 2008) (holding that a stale proof of claim cannot give rise to a cause of action under the FDCPA); *In re Pariseau*, 395 B.R. 492 (Bankr. M.D. Fla. 2008) ("the Court does not find the case law submitted by Plaintiffs to be persuasive, especially in light of the numerous decisions which hold that FDCPA claims that arise from the filing of a proof of claim during the pendency of a bankruptcy proceeding are precluded by the available remedies Congress enumerated in Title 11 of the United States Code."); *In re Cooper*, 253 B.R. 286, 291-92 (Bankr. N.D. Fla. 2000) (holding that the FDCPA does not apply to a proof of claim filed for an inflated amount); *In re Claudio*, 463 B.R. 190, 193 (Bankr. D. Mass. 2012) ("Federal courts have consistently ruled that filing a proof of claim in bankruptcy court (even one that is somehow invalid) cannot constitute the sort of abusive debt collection practice proscribed by the [FDCPA], and that such a filing therefore cannot serve as the basis for an FDCPA action.") (quoting *Simmons v. Roundup Funding, LLC*, 622 F.3d 93, 95-96 (2nd Cir. 2010)); *see also*, *B-Real, LLC v. Rogers*, 405 B.R. 428, 431-32 (M.D. La. 2009) ("[T]he Bankruptcy Code itself contemplates a creditor filing a proof of claim on a time-barred debt and the Bankruptcy court disallowing such claim after objection from the debtor. It is difficult for this Court to understand how a procedure outlined by the Bankruptcy Code could possibly form

the basis of a violation under the FDCPA."); *Middlebrooks v. Interstate Credit Control, Inc.*, 391 B.R. 434, 437 (D. Min. 2008) (FDCPA claims cannot be premised on a proof of claim filed in bankruptcy proceeding); *Gray-Mapp v. Sherman*, 100 F.Supp.2d 810, 813-14 (N.D. Ill. 1999) (same); *Baldwin v. McCalla*, No.98-C-4280, 1999 U.S. Dist. LEXIS 6933 (N.D. Ill. Apr. 19, 1999) (same); *Jenkins v. Genesis Financial Solutions and Vitav Recovery Solutions, LLC*, 456 B.R. 236, 240 (Bankr. E.D. N.C. 2011) ("The Court is not persuaded that the filing of a proof of claim can constitute regulated 'collection' activity within the meaning of [the FDCPA]"); *In re Jacques*, 416 B.R. 63, at 79 (Bankr. E.D. N.Y. 2009) ("[t]he Bankruptcy Code precludes assertion of a claim under the FDCPA"); *In re Varona*, 388 B.R. 705, 723 (holding that proofs of claim are not false or fraudulent merely because statute of limitations may have run on any cause of action to collect on the debts in question); and *B-Real, LLC v. Chaussee (In re Chaussee)*, 399 B.R. 225, 235-36 (9th Cir. BAP 2008) (holding that Congress did not intend for the FDCPA to apply in the context of proofs of claim filed in bankruptcy).

       3. <u>Plaintiff's FDCPA Claims are Precluded by the Bankruptcy Code.</u>

  In Crawford, the 11th Circuit left the door open for challenge when it stated at footnote 7 that:

> "The Court also declines to weigh in on a topic the district court artfully dodged; Whether the Code "preempts" the FDCPA when creditors misbehave in bankruptcy. . . We need not address this issue because LVNV argues only that its conduct does not fall under the FDCPA or, alternatively, did not offend the FDCPA's prohibitions. LVNV does not contend that the Bankruptcy Code displaces or "preempts" §§1692e and 1692f of the FDCPA."

*Crawford,* 758 F.3d 1254, at FN 7 (11th Cir. 2014).

  In *Williams v. Asset Acceptance, LLC (In re Williams)*, 392 BR. 992 (Bankr. M.D.Fla. 2008) the bankruptcy court for the Middle District of Florida held that a debtor's FDCPA claims

7

based on the filing of a proof of claim with respect to a time-barred debt were precluded by the Bankruptcy Code because allowing suits asserting FDCPA claims based upon the filing of proofs of claim would undermine the efficacy and efficiency of the claims filing and resolution process. Specifically, the court explained that:

> "[the creditor] did not engage in any wrongful conduct by filing its proof of claim. To hold otherwise would undermine the rights of creditors in the bankruptcy process. The creditor's right to file a claim in not impacted by whether the statute of limitations had run, as the debtor must raise the statute of limitations issue as an affirmative defense, and even then the court still must determine whether it has tolled and run.  The debtor does not need the FDCPA to protect itself from improper claims, as the Bankruptcy Code allows the debtor to file an objection.  If this Court was to apply the FDCPA in this instance, debtors would be encouraged to file adversary proceedings instead of simply [filing] an objection to the creditor's claim, which is incredibly inefficient and undermines the process provided by the Bankruptcy Code.

*392 B.R.* at 886.

The Court further explained that;

> *"*[t]o accept the proposition that the statutes [i.e., the FDCPA] created an alternative method to challenge a proof of claim in bankruptcy would open up the floodgate for unnecessary and expensive litigation, replacing the simple procedure for dealing with an objection to the allowance of a claim.  This cause of action would be totally contrary to the entire scheme established by Congress to deal with creditor and debtor relationships.

*Id. at 388.*   See also, *Kokoszka v. Belford,* 417 U.S. 642, 651, 94 S. Ct. 2431 (1974) (stating that nothing in either act persuades us that Congress intended to allow debtors to bypass the [Bankruptcy] Code's remedial scheme when it enacted the FDCPA); Chaussee, 399 B.R. at 239 (Bankr. W.D. Wash. 2008).

In this instance, the Plaintiff's claims are based upon the fact that Atlas filed a proof of claim with respect to an allegedly time-barred debt.  This Court should adopt the reasoning set forth in *Williams* and hold that Plaintiff's FDCPA claims are precluded by the Bankruptcy Code. The Bankruptcy Rules provides a mechanism for Plaintiff to object to Atlas's claim [i.e., Fed. R.

Bankr. P. 3007] without "open[ing] up the floodgate for unnecessary and expensive litigation, [and] replacing the simple procedure for dealing with an objection to the allowance of a claim." This Court should therefore Plaintiff's Complaint.

### C. The Complaint Should Be Dismissed Because the *Crawford* Rule Should Not Be Applied Retroactively.

This Court should not apply the *Crawford* rule retroactively to create liability under a strict-liability statute when there was none before. Here, Atlas filed its allegedly offensive proof of claim on May 13, 2014 – almost two months before the *Crawford* opinion was entered on July 10, 2014. As described below, Atlas took that action based on the clear precedent throughout the Eleventh Circuit, and should not be penalized as a result.

It is incumbent on the courts to "determine whether a newly announced rule in civil cases should apply retroactively or prospectively…." *Glazner v. Glazner*, 347 F.3d 1212, 1219 (11th Cir. 2003). To determine whether it is appropriate to apply a legal rule retroactively courts must consider three prongs:

> First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied or by deciding an issue of first impression whose resolution was not clearly foreshadowed….Second … [a court must look] to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation….[Third, a court must look to] the inequity imposed by retroactive application….

*Id.* at 1216 (quoting *Chevron Oil Co. v. Huson*, 404 U.S. 97, 106-07 (1971)) (alterations in original). The Eleventh Circuit applies an "objective" standard to the final two prongs of the *Chevron Oil* test and considers the application of those prongs to the "entire class of persons potentially affected by the new rule, rather than the impact on any specific litigant." *Id.* at 1219 (citing *James B. Beam Distilling Co. v. Georgia*, 501 U.S. 529, 543 (1991)).

1. <u>The first prong of the Chevron Oil test is in favor of a prospective-only application.</u>

The first prong of the *Chevron Oil* test is clearly established: the *Crawford* opinion overruled a slate of "clear past precedent over which litigants may have relied." Prior to *Crawford*, courts throughout the Eleventh Circuit (including in the Northern District of Georgia) routinely held that the FDCPA does not apply to the claim filing process in bankruptcy proceedings, even if the claim was barred by an affirmative defense such as the statute of limitations. *See* cases cited, *supra*, Section II.B.2.

In fact, both the Bankruptcy Court (where the *Crawford* matter began as an adversary proceeding) and the District Court for the Northern District of Alabama (sitting on appeal from the adversary proceeding) ruled in favor of the creditors; ie., that the filing of a proof of claim could *not* violate the FDCPA. *See Crawford*, 758 F.3d at 1258. Even the bankruptcy court and district courts that predicated the *Crawford* ruling reached the conclusion that the filing of a proof of claim could not be considered a violation of the FDCPA due to the language of the Bankruptcy Code permitting a broad range of claims. It is clear that *Crawford* overturned this established legal precedent over which litigants relied. Accordingly, the first prong of the test is satisfied.

2. <u>The second prong of the *Chevron Oil* test is in favor of a prospective-only application.</u>

The second prong of the *Chevron Oil* test is also established since retroactive application of the *Crawford* rule would retard the purpose of the FDCPA. "It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged,

and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. 1692(e).

First, a retroactive application of the *Crawford* rule does not "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." In fact, a retroactive application *penalizes* debt collectors who were acting in accordance with clearly established laws. When Atlas filed its proof of claim in the Bankruptcy Proceeding, the law in this district permitted Atlas to do so; stale proofs of claim were allowed to be filed under the Bankruptcy Code under *McMillen*, *Williams*, and *Pariseau* as described above. Atlas made its filing in reliance on that precedent and should not be penalized for acting in a manner consistent with then-standing law.

Further, a retroactive application does not "promote consistent State action to protect consumers against debt collection abuses" since the majority of courts *outside* the Eleventh Circuit have held that filing a proof of claim cannot be the basis for a claim under the FDCPA. *See* cases cited, *supra*, Section II.B.2.

Penalizing Atlas for something that is legal throughout the country and, in fact, was legal throughout the Eleventh Circuit when Atlas filed its proof of claim does not promote consistent State action. In short, there is no objective benefit to applying *Crawford* retroactively, and the second prong of the *Chevron Oil* test is in favor of a prospective application.

       3. <u>The third prong of the *Chevron Oil* test is in favor of a prospective-only application.</u>

The third prong of the *Chevron Oil* test requires a court to consider whether making the subject rule retroactive would be inequitable. The answer is "yes." It would be highly inequitable to subject creditors to strict liability for actions they have already taken, *especially* in light of the fact that the clear precedent explicitly permitted the filing of stale or otherwise

"deficient" claims in a bankruptcy proceeding. *See Glazner*, 347 F.3d at 1220 ("If this were truly a situation where a class of persons affected by the new rule would suddenly face a strong likelihood of liability when they faced no possibility of liability before, we would be inclined to view the equities as weighing heavily in favor of a pure prospective application."). This newly minted strict-liability must be juxtaposed against the fact that debtors *already* have protection from these "bad claims": they can simply object to the proof of claim and note that it is time barred *in the bankruptcy proceeding itself*. If *Crawford* is to be considered the new standard, a prospective, universal application provides a level field for all parties – it allows debtors to know that, per *Crawford*, certain proofs of claim filed in bankruptcy may now be considered violative of the FDCPA when there was no such liability before. This Court should, therefore, find that the third prong of the test, and the *Chevron Oil* test in its entirety, weighs in favor of a prospective-only application of *Crawford*, and dismiss the Complaint.

> D. <u>The Complaint Should Be Dismissed Because Atlas Committed a Bona Fide Error and is Protected From Liability Under the Terms of the FDCPA.</u>

In the event that this Court disagrees with Atlas and decides to apply the *Crawford* rule retroactively, Atlas is alternatively protected from liability by operation of the "Bona Fide Error" rule contained in the FDCPA itself. "A debt collector may not be held liable in any action brought under this title [15 USCS §§ 1692 et seq.] if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k.

In this case, even taking the allegations in the Complaint as true and assuming that Atlas' filing of a proof of claim for a time-barred debt was an "error," it was clearly bona fide. As explained above, the filing of a proof of claim for a stale debt is specifically contemplated by the

Bankruptcy Code.  Further, courts in this district, other districts throughout the Eleventh Circuit, and most other courts throughout the country have determined that the filing of a proof of claim *cannot* be the basis for liability under the FDCPA by virtue of the Bankruptcy Code.  Atlas' reliance on the language and interpretation of the Bankruptcy Code, as well as the case law in this Circuit and others falls within the bona fide error defenses and its claim was property filed under applicable law.

It is important to note that Atlas recognizes that in *Jerman v. Carlisle*, *McNellie, Rini, Kramer & Ulrich, L.P.A.,* 559 U.S. 573, the Supreme Court ruled that a mistake of law *with respect to the FDCPA itself* cannot be the basis for a bona fide error defense.  However, the Court specifically declined to rule on whether a mistake of law with respect to another law would be appropriate.  *Id. at* fn. 4.  In this instance, and in line with *Carlisle*, Atlas is not arguing that it made a mistake of law with respect to the FDCPA itself.  Instead, Atlas submits that its interpretation of the Bankruptcy Code and the case law cited above lead Atlas to the conclusion that filing a proof of claim with respect to a debt that is barred by the applicable statute of limitations is permissible and that because the Bankruptcy Code permits a creditor to file such a proof of claim, that creditor is protected from an action under the FDCPA.  Accordingly, the mistake of law that Atlas made (to the extent a mistake of law was made) related to a mistake with respect to the Bankruptcy Code, not to a mistake of law with respect to the FDCPA.  To hold Atlas strictly liable for relying on, *inter alia*, the Bankruptcy Code and this the opinions of courts within the Eleventh Circuit would be an injustice to Atlas, especially in light of the fact that no harm will come to Plaintiff if he simply objects (which is specifically contemplated by Fed. R. Bankr. P. 3007) to Atlas' claim in the Bankruptcy Proceeding.  This Court therefore should  dismiss the Complaint.

III.     Conclusion

For the foregoing reasons, this Court should dismiss the Complaint in its entirety since Plaintiff has not presented any claim upon which relief can be granted as a matter of law.

Respectfully submitted this 1st day of December, 2014.

>*/s/ Ralph L. Taylor, III*
>ALAN C. HOCHHEISER (*pro hac vice*)
>hochheiser@buckleyking.com
>BUCKLEY KING LPA
>600 Superior Ave E., Suite 1400
>Cleveland, OH 44114
>Phone: 216-363-1400
>RALPH L. TAYLOR, III
>Georgia Bar No. 701025
>taylor@buckleyking.com
>BUCKLEY KING LPA
>219 Boulevard NE
>Gainesville, GA 30506
>Phone: 770-831-7770
>*Attorney for Defendant, Atlas Acquisitions, LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 1, 2014 a copy of the foregoing was served upon the following counsel of record via the Court's CM/ECF system, electronic mail, and/or U.S. Mail:

Matthew T. Berry
Berry & Associates
2751 Buford Highway, Suite 400
Atlanta, Georgia 30324
matt@mattberry.com

Attorney for Brian Wilson, Plaintiff

                                        */s/ Ralph L. Taylor, III*
                                        Ralph L. Taylor, III
                                        BUCKLEY KING LPA
                                        219 Boulevard NE
                                        Gainesville, GA 30506

1708878.1